UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                                          No. 22-180

JAKYREN DEVON LADNER                                        SECTION I

ORDER AND REASONS

Before the Court is a motion[1] by defendant Jakyren Devon Ladner ("defendant") to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, defendant requests "compassionate release" on account of his various medical conditions and age.[2] In addition, defendant moves this Court to appoint counsel to represent him with respect to the motion for compassionate release.[3] The government opposes the motion for compassionate release.[4] For the reasons set forth below, the Court denies the motions.

"[M]otions for compassionate release are inherently discretionary. *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021). The burden ultimately falls on the defendant to convince the court to exercise its discretion. *Id.* at 361. A defendant may bring a motion for compassionate release only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18

---

[1] R. Doc. No. 93.
[2] *Id.* at 1.
[3] R. Doc No. 94.
[4] R. Doc. No. 98.

U.S.C. § 3582(c)(1)(A). Once the exhaustion requirement is satisfied, the district court may grant compassionate release if it finds "extraordinary and compelling reasons" warranting such relief and "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(1)(A)(i). A district court has the authority to deny compassionate release based on the § 3553(a) factors alone. *See Ward*, 11 F.4th at 360.

The government opposes defendant's motion for compassionate release on two grounds. First, it argues that the Court lacks jurisdiction to entertain defendant's motion because defendant is currently appealing his sentence to the United States Court of Appeals for the Fifth Circuit.[5] In this case, defendant has filed a notice of appeal, which challenges the propriety of his sentence.[6] This appeal is currently pending.[7] Second, the government contends that compassionate release is not warranted because defendant has not demonstrated extraordinary and compelling reasons for a sentence reduction.[8] The Court concludes that it lacks jurisdiction to entertain the motion. Accordingly, it does not reach the merits of defendant's motion and denies defendant's motion for appointment of counsel as moot.

"[T]he filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the

---

[5] *Id.* at 3.
[6] R. Doc. No. 81.
[7] *See* Fifth Cir. Case No. 23-30889.
[8] *Id.* at 5–8.

2

judgment has not been stayed or superseded." *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Generally, a district court lacks jurisdiction over sentencing when the sentence imposed by the district court is the subject of a pending appeal. *See United States v. Willis*, 76 F.4th 467, 471 (5th Cir. 2023) ("Thus, on a straightforward application of the one-court-at-a-time rule, the district court lacked the power to re-sentence Willis on July 28."). Motions brought pursuant to § 3582 are no exception to this rule. *See id.* at 473 ("Regardless, even if § 3582 did give the district court the *authority* to re-sentence Willis in this context, it did not give that court the *jurisdiction* to do so after Willis had already filed his notice of appeal.").

Defendant is appealing his sentence. His motion for compassionate release, which is brought pursuant to § 3582, does not restore this Court with jurisdiction. *See id.* at 473. Accordingly, the Court lacks jurisdiction over defendant's motion for compassionate release. *See, e.g., United States v. Bays*, No. 13-CR-0357, 2020 WL 5370550, at *2 (N.D. Tex. Sept. 8, 2020) (collecting cases).

Since the Court lacks jurisdiction over the motion for compassionate release, Federal Rule of Criminal Procedure 37 governs the scope of the Court's authority with respect to it. *See id.* Rule 37 provides that, in the event "a timely motion is made for relief that the court lacks authority to grant because of an appeal," the district court

3

"may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Pursuant to Rule 37(a)(2), the Court denies the motion for compassionate release. Since the Court's denial of the motion for compassionate release renders the motion to appoint counsel moot, the Court will likewise deny that motion.

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion for compassionate release is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to appoint counsel is **DENIED AS MOOT**.

New Orleans, Louisiana, March 27, 2025.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE